﻿Citation Nr: 19172649
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 16-40 987
DATE: September 19, 2019

REMANDED

Entitlement to service connection for nephrolithiasis, to include as due to exposure to Camp Lejeune contaminated water and/or secondary to service-connected prostate cancer under Diagnostic Code 7508, nephrolithiasis, is remanded.

Entitlement to service for end stage renal disease, to include as due to exposure to Camp Lejeune contaminated water and/or secondary to service connected disabilities is remanded.

REASONS FOR REMAND

The Veteran had active service with the United States Marine Corps from May 1973 to May 1977. 

These matters are before the Board of Veterans’ Appeals (Board) on appeal from the March 2015 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO) denying the Veteran’s claim for entitlement to service connection for end stage renal disease claimed as due to Camp Lejeune contaminated water.

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ) in April 2019. A transcript of the hearing is associated with the electronic claims file.

1. Entitlement to a separate rating for nephrolithiasis, to include as due to exposure to Camp Lejeune contaminated water and/or secondary to service-connected prostate cancer under Diagnostic Code 7508

The Veteran asserts that his nephrolithiasis manifested in-service and is due to his exposure to Camp Lejeune contaminated water. See VA Form 21-4138, April 2014; see also Form 9, August 2016.

Service personnel records show that the Veteran served at Camp Lejeune for greater than 90 days from approximately 1973-1975 with periods of deployments at sea. Service medical records in the file are limited to enlistment and discharge physical examination reports. During the April 2019 Board hearing and in several written statements and reports to VA clinicians, the Veteran reported experiencing episodes of passing kidney stones while deployed aboard two amphibious ships. However, the April 1977 discharge physical examination report is silent for any history or then-current genitourinary system abnormalities. 

A thorough review of the evidence of record reflect that the Veteran reported having kidney stones during service, was diagnosed with nephrolithiasis in September 2012, and diagnosed with bilateral non-obstructing kidney stones in March 2015. See Capri, September 2012 at p.1 of 38; see also Capri, June 2016 at p.46 of 51.

The Board finds that a VA medical opinion regarding the nature and etiology of the Veteran’s kidney stones is necessary in order to determine whether the reported in-service kidney stones were manifestations of renal toxicity due to exposure to Camp Lejeune contaminated water or another in-service injury or disease. As such, a remand of this issue is necessary.

2. Entitlement to service connection for residuals of renal toxicity, to include end stage renal disease, due to exposure to Camp Lejeune contaminated water (claimed as end stage renal disease), and to include as secondary to service-connected disabilities

The Veteran contends that his end stage renal disease is a residual of renal toxicity caused by his exposure to Camp Lejeune contaminated water. See VA Form 21-4138, April 2014; see also Form 9, August 2016. Additionally, the Veteran asserts that his kidney problems started in the military during the 1970’s and his high blood pressure started after service, in the 2000’s. See Capri, June 2016 at p.40 of 51.

A review of the evidence of record reveals that in 2008, the Veteran reported a history of chronic hypertension and receiving medication while in prison. See Correspondence, January 2012 at p.5 of 13. There is no evidence that suggest that an attempt has been made to obtain any prison medical records. 

Additionally, the evidence of record reflects that one request for all records pertaining the Veteran’s kidney’s and high blood pressure from January 2008 to November 2011 was sent to a civilian provider. There is no evidence to suggest that a response was received or that an additional request was submitted.

The Board finds that a remand is necessary in order to obtain any outstanding medical records.

The matters are REMANDED for the following action:

1. Request that the Veteran provide the dates and locations of all periods of incarceration. Request that Veteran authorize recovery of all records during the specified periods and associate any records received with the claims file.

2. Request that the Veteran authorize recovery of all records from Southeastern Nephrology in Jacksonville, North Carolina and associate any records received with the claims file.

3. After the completion of the above, review the expanded record, including any additional evidence, if obtained. A review of the Veteran’s entire claims folder is required by the appropriate clinician. The examiner must opine:

a) Whether the Veteran’s end stage renal disease is at least as likely as not a manifestation of renal toxicity due to exposure to Camp Lejeune contaminated water; and

b) Whether the Veteran’s end stage renal disease is at least as likely as not (1) proximately due to or (2) aggravated beyond its natural progression by his service-connected residuals of prostate cancer. (If yes, identify, to the extent possible, the degree of disability that is due to aggravation). 

4. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his nephrolithiasis. Any clinically indicated testing and/or consultations must be accomplished. Access to the electronic claims file must be provided to the examiner for review. The examiner must opine:

a) Whether the Veteran’s nephrolithiasis is at least as likely as not first manifested as a chronic disability during active service or was caused by an in-service injury or disease to include exposure to Camp Lejeune contaminated water; and

b) Whether the Veteran’s nephrolithiasis is at least as likely as not (1) proximately due to or (2) aggravated beyond its natural progression by his service-connected residuals of prostate cancer. (If yes, identify, to the extent possible, the degree of disability that is due to aggravation).

5. A full rationale should be provided for all stated medical opinions. If the examiner concludes that the requested opinion cannot be provided without resort to speculation, the examiner should so state and explain why this opinion would be speculative and what, if any, additional evidence would permit such an opinion to be made.

6. After the above is complete, readjudicate the Veteran’s claim. If a complete grant of the benefits requested is not granted, issue a supplemental statement of the case (SSOC) to the Veteran and his representative to afford them the opportunity to respond. 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Camille NeSmith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.